# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) Criminal No. 1:04cr00009 |
| v. | ) |
| | ) **MEMORANDUM ORDER** |
| **TRADON DRAYTON**, | ) |
| | ) By: PAMELA MEADE SARGENT |
| Defendant | ) United States Magistrate Judge |

This matter was heard before the undersigned on January 13, 2006, on the defendant's Motion For A Change of Venue, (Docket Item No. 175) ("the Motion"). Based on the arguments and representations of counsel, the evidence presented and for the reasons set forth below, the Motion is **DENIED.**

The Motion argues that the defendant's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution would be violated if the defendant's case were tried in the Abingdon Division of the Western District of Virginia, rather than in the Division where the alleged offenses occurred, the Roanoke Division. The defendant, who is black or African American, argues that, cognizant of a great disparity in the racial demographics of the Abingdon and Roanoke Divisions, the government intentionally brought this matter in the Abingdon Division in an effort to exclude blacks or African Americans from the jury pool and, thus, from the jury itself.

The Sixth Amendment to the Constitution grants a defendant the "right to a speedy and public trial, by an impartial jury, of the State and district wherein the crime shall have been committed." U.S. CONST. AMEND VI. Also, the United States Supreme Court has held that there is no constitutional right to trial within a certain division of a district. *See United States v. Anderson*, 328 U.S. 699, 704-05 (1946). Furthermore, Federal Rule of Criminal Procedure 18 simply directs that cases be set for trial "within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice." FED. R. CRIM. P. 18. Nonetheless, the defendant is correct that, according to Standing Order of this court, this case, involving offenses which are alleged to have occurred in the city of Galax, should have been brought and prosecuted in the Roanoke Division. *See Amended Standing Order Re: Divisions in Western District of Virginia*, (as amended January 30, 1992).

While I am unable to find a case in which a court has considered the identical issue presented here, courts have recognized equal protection challenges to the jury selection process. *See Castaneda v. Partida*, 430 U.S. 482, 492-501 (1977); *United States v. Grisham*, 63 F.3d 1074, 1081-82 (11th Cir. 1995). Also, the Equal Protection Clause forbids a prosecutor from striking a potential juror solely based on the juror's race. *See Batson v. Kentucky*, 476 U.S. 79 (1986). Thus, it appears reasonable to conclude that the Equal Protection Clause would prohibit the government from intentionally choosing to prosecute a case in a specific division of a court in an effort to exclude blacks or African Americans from the jury.

That being the case, the court must next decide how it should analyze this case.

- 2 -

In equal protection challenges to the jury selection process, whether involving the court's selection process or the government's use of its challenges, the courts have established a three-step analysis. In these cases, the courts have held that the defendant must establish a prima facie case of discrimination. *See United States v. Barnette*, 211 F.3d 803, 812 (4th Cir. 2000); *Grisham*, 63 F.3d at 1081-82. If the defendant makes a prima facie case, the burden then shifts to the government to dispel the inference of discrimination by providing a legitimate explanation or race neutral explanation. *See Barnette*, 211 F.3d at 812; *Grisham*, 63 F.3d at 1081. If the government meets its burden, the ultimate burden of proof shifts back to the defendant to prove purposeful discrimination. *See Barnette*, 211 F.3d at 812; *Grisham*, 63 F.3d at 1081. Thus, it appears that this court should approach the issue before it under a similar three-step analysis.

Based on the analysis used in similar cases, I hold that to establish a prima facie case here, the defendant must show that: (1) he is a member of a cognizable racial group; (2) that the prosecutor chose to bring this case in a division of the court in which the defendant's racial group is significantly less represented than the proper division; and (3) that the facts and circumstances raise an inference that the prosecutor chose to bring this case in the particular division in an effort to exclude members of the defendant's racial group from the jury. *See Batson*, 476 U.S. at 96; *Castaneda*, 430 U.S. at 494-95. The government concedes that the defendant in this case is a member of a cognizable racial group in that he is black or African American. Also, the defendant has offered to the court its own statistics showing that the current list of qualified persons on the "jury wheel" for the Abingdon Division contains 1.08 percent blacks or African Americans, whereas the current list of qualified persons on the jury

wheel for the Roanoke Division contains 5.57 percent blacks or African Americans. The defendant has not provided the court with any evidence that this difference is statistically significant; nor has the defendant offered any evidence other than this statistical disparity between the divisions to prove that the government chose to prosecute this case in the Abingdon Division in an effort to purposefully discriminate against blacks or African Americans in an effort to prevent them from serving on the jury.

Assuming, however, that the defendant has made a prima facie showing, the government has offered evidence of a legitimate or race neutral explanation for prosecuting this case in the Abingdon Division. In particular, Bureau of Alcohol, Tobacco, Firearms and Explosives, ("ATF"), Agent Larry Hall testified that he was the investigating agent on this case. Hall testified that he worked out of the Bristol ATF office and that the Bristol ATF office's territory included Galax and Carroll and Grayson counties. Hall stated that, when ATF agents from the Bristol office were prepared to seek criminal charges in a case, they routinely consulted with the Assistant United States Attorneys in the Abingdon office and their cases were routinely brought for indictment before the Abingdon Division Grand Jury. Hall denied any knowledge of the government bringing this case in the Abingdon Division in an effort to exclude blacks or African Americans from the jury.

That being the case, the ultimate burden of proving discriminatory intent shifts back to the defendant in this case. *See Batson*, 476 U.S. at 93. Since the defendant has offered no evidence of purposeful discrimination, I find that the defendant has failed to meet his burden, and, therefore, I will deny the Motion.

- 4 -

ENTER: January 17, 2006.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE