Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:04CR00009 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **TRADON MARQUEZ DRAYTON**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for United States of America; John E. Jessee and Daniel K. Read, Jessee, Read & Ely, P.C., Abingdon, Virginia, for Defendant.*

In this criminal case, the defendant objects to the place of trial. The defendant requests that the case be transferred for trial to the Roanoke Division of this court, rather than trial in the Abingdon Division. The principal basis for the requested change in venue is that the jury venire from the Roanoke Division will likely contain more African Americans than the jury venire from the Abingdon Division.

The Motion for a Change of Venue was referred to a magistrate judge for determination and after an evidentiary hearing, the motion was denied. *United States v. Drayton*, No. 1:04CR00009, 2006 U.S. Dist. LEXIS 1137 (W.D. Va. Jan. 17, 2006)

(Sargent, J.). The defendant has filed a Motion to Reconsider, seeking review of the magistrate judge's order, which motion has been briefed and is ripe for decision.

When nondispositive motions are referred to a magistrate judge for determination, review by a district judge is conditioned upon the filing of objections to the magistrate judge's order within ten days. Fed. R. Crim. P. 59(a). While the defendant filed the present Motion to Reconsider within ten days of the magistrate judge's January 17, 2006, order denying his Motion for a Change of Venue, no specific objections were made to the magistrate judge's order until the filing of a brief by the defendant on March 6, 2006. A general or nonspecific objection to a magistrate's judge's ruling is equivalent to filing no objection at all. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The failure to timely object waives the party's right to review. Fed. R. Crim. P. 59(a); *Wells v. Shriners Hosp.*, 109 F.3d 198, 199 (4th Cir. 1997). Accordingly, the defendant has waived any further consideration of his Motion for a Change of Venue.

Even were I to review the magistrate judge's decision, however, I would not overturn it. The review of a magistrate judge's decision on nondispositive matters is deferential. I may modify her order or set it aside only if it "is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a). After a careful review of the record, I find no basis for reversing the decision of the magistrate judge. As correctly held by the

magistrate judge, the fact that it is likely that the jury venire in Roanoke will contain more African Americans than the jury venire in Abingdon is insufficient to require a change of venue, where it is established, as here, that the government did not choose to prosecute this case in the Abingdon Division for race-based reasons.

The court is required to consider the convenience of the defendant and the witnesses, and the prompt administration of justice, in fixing the place of trial within the district. *See* Fed. R. Crim. P. 18. Galax, where the events in this case occurred, is equidistant between Abingdon and Roanoke and there is no valid convenience argument.[1] Because the case has been set for trial for some time in Abingdon and is assigned to a judge in that division, the prompt administration of justice favors keeping the trial where it is. *See, United States v. Knox*, 363 F. Supp. 2d 845, 848 (W.D. Va. 2005).

For the foregoing reasons, it is **ORDERED** that the Motion to Reconsider is DENIED.

ENTER: March 23, 2006

/s/ JAMES P. JONES
Chief United States District Judge

---

[1] It is 93.7 miles from Galax to Abingdon and 96.4 miles from Galax to Roanoke. *See* www.maps.google.com.