# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:04CR00009 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **TRADON MARQUEZ DRAYTON**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for United States of America; John E. Jessee and Daniel K. Read, Jessee, Read & Ely, P.C., Abingdon, Virginia, for Defendant.*

The defendant, Tradon Marquez Drayton, seeks dismissal of the charges against him by reason of a denial of his constitutional right to a speedy trial, guaranteed by either the Sixth Amendment or the Due Process Clause of the Fifth Amendment.

Drayton is charged by a Third Superseding Indictment with certain drug trafficking offenses, as well as the crime of using a firearm in the course of a drug trafficking crime and causing the death of another, 18 U.S.C.A. §§ 924(c), (j) (West 2000 & Supp. 2005), and a violation of the so-called drive-by shooting statute, 18 U.S.C.A. § 36(b)(1) (West 2000).

The government contends that Drayton was a crack cocaine dealer in Galax, Virginia, and participated in a shoot-out with rival drug dealers on July 16, 1999. The government asserts that Drayton, standing by the street, fired a .22 pistol at a car containing the rivals. The front seat passenger in the car, an unapprehended co-defendant known only as "Big D," fired a nine-millimeter pistol back at Drayton, but in the excitement Big D shot the car's driver, James Thornton, in the head, killing him. Shortly after the shooting, Drayton was apprehended and charged in state court with shooting into an occupied vehicle. On July 31, 2000, Drayton was acquitted of the state charge. On July 3, 2004, he was indicted by a grand jury of this court on the federal charges. The defendant's trial is scheduled to begin on March 27, 2006.

Drayton contends that both the pre-indictment and post-indictment delay have violated his constitutional rights. He also contends that the post-indictment delay has violated his rights under the Speedy Trial Act, 18 U.S.C.A. §§ 3161-3174 (West 2000 & Supp. 2005).

For the reasons stated by the government in its opposition to the Motion to Dismiss, I find that there has been no impermissible post-indictment delay. As to the pre-indictment period of time, while the defendant contends that he has been prejudiced through the loss of exculpatory evidence, I believe that the proper course is to reserve decision, in order to make a determination based on the actual evidence

- 2 -

Case 1:04-cr-00009-JPJ   Document 339   Filed 03/23/06   Page 2 of 4   Pageid#: 1228

presented at trial. *See United States v. Crouch*, 84 F.3d 1497, 1516-17 (5th Cir. 1996) (stating that "in all but the very clearest and most compelling cases, the district court, rather than grant such a motion prior to trial, should carry it with the case, and make the determination of whether actual, substantial prejudice resulted from the improper delay in light of what actually transpired at trial"). If actual prejudice is shown, then the court must balance such prejudice with any justification for the delay. *See Howell v. Barker*, 904 F.2d 889, 895 (4th Cir. 1990).

The defendant also seeks dismissal of the present charges because of his acquittal of the state charge. However, it settled that the Double Jeopardy Clause is not violated by successive prosecutions in state and federal courts for crimes arising from the same acts. *See United States v. Lanza*, 260 U.S. 377, 382 (1922). There are no special circumstances here that provide an exception to that rule.

The defendant contends that Count Eight of the Third Superseding Indictment is time-barred. As asserted by the government, Count Eight charges a capital offense, even though the government is not seeking the death penalty. As such, there is no statutory limitation period. *See United States v. Ealy*, 363 F.3d 292, 296-97 (4th Cir. 2004).

Finally, the defendant seeks dismissal of an Information filed by the government pursuant to 21 U.S.C.A. § 851(a) (West 1999), seeking an enhanced

punishment if the defendant is convicted. Such an Information is not barred by any claimed delay in this case.

For the foregoing reasons, it is **ORDERED** that the Motion to Dismiss (#186) and the Second Motion to Dismiss (#205) are DENIED, without prejudice to the defendant reasserting after trial (if he is convicted) that his rights under the Due Process Clause were violated by the pre-indictment delay.

ENTER: March 23, 2006

/s/ JAMES P. JONES
Chief United States District Judge