# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:04CR00009 |
| | ) | |
| | ) | **OPINION** |
| v. | ) | |
| | ) | By: James P. Jones |
| **TRADON MARQUEZ DRAYTON**, | ) | Chief United States District Judge |
| | ) | |
| Defendant. | ) | |

*Sharon Burnham, Assistant United States Attorney, Roanoke, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The government has objected to any reduction in sentence for this defendant, who is eligible for such a reduction under 18 U.S.C. § 3582(c)(2) by virtue of the lowering of the crack cocaine guidelines.

I will overrule the government's objections.

The government, in its stock response, asks the court to reconsider information contained in the Presentence Investigation Report (in particular the conduct underlying the offense and the defendant's criminal history), to consider the fact that the defendant has been treated with "substantial leniency" because he has benefitted from a plea agreement, and to consider the defendant's behavior while incarcerated.

I find none of the government's boilerplate arguments persuasive. As I have explained on several prior occasions, *see, e.g.*, *United States v. Herndon*, No. 3:01CR00063, 2008 WL 750588 at *1 (W.D. Va. Mar. 19, 2008), the defendant's criminal background and the conduct underlying his offense are taken into consideration when calculating his Criminal History Category and Total Offense Level. The government has failed even to allege that the defendant's criminal history or danger to the public are not accurately conveyed by his Criminal History Category and Total Offense Level. Accordingly, I find that neither the conduct underlying the offense nor the defendant's criminal history is a bar to reducing his sentence.

The government next argues that the defendant has already received a lower sentence than he should have received because he has benefitted from a plea agreement, and therefore his sentence should not be reduced. This argument lacks merit because the defendant did not have a plea agreement. He pled not guilty and was convicted after a jury trial.

Finally, the government contends the defendant's behavior while incarcerated militates against a reduction in his sentence. The Chronological Disciplinary Report submitted by the government indicates that in the more than four years that the defendant has been incarcerated, he has been sanctioned for various incidents of

nonviolent misconduct and one altercation with another inmate.  I do not find his behavior while in prison sufficiently reprehensible to bar a reduction of his sentence.

A separate judgement will be entered.

                            Dated: June 11, 2008

                            /S/ JAMES P. JONES
                            Chief United States District Judge

- 3 -

Case 1:04-cr-00009-JPJ   Document 500   Filed 06/11/08   Page 3 of 3   Pageid#: 2193