# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:04CR00009-001 |
| v. | ) **OPINION** |
| | ) |
| **TRADON MARQUEZ DRAYTON,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Lisa M. Lorish, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The defendant, Tradon Marquez Drayton, by counsel, has filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guideline Manual ("USSG") § 1B1:10 (2016). He relies on Amendment 782, which "reduced the base offense level by two levels for most drug offenses." *Hughes v. United States*, 138 S. Ct. 1765, 1774 (2018); USSG app. C, amend. 782 (effective Nov. 1, 2014). The motion has been fully briefed and is ripe for decision.

In 2006 a jury in this court convicted the defendant Drayton of conspiring to possess with intent to distribute five grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. § 846 (Count Five); using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Seven); violating

924(c) while causing the death of a person through the use of a firearm, in violation of 18 U.S.C. § 924(j) (Count Eight); possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count Nine); and firing a weapon into a group of two or more persons in furtherance of a major drug offense, in violation of 18 U.S.C. § 36(b)(1) (Count Ten). The guideline calculation adopted by the court grouped Counts Five, Nine and Ten, resulting in a Base Offense Level of 30, based upon the attribution to the defendant of 42 grams of cocaine base, for a Total Offense Level of 32, and a guideline range of 188 to 235 months. USSG § 2D1.1(c)(4) (2005) (drug quantity table for at least 840 grams of but less than 2.8 kilograms of cocaine base). The court sentenced Drayton to concurrent 188-month sentences on Counts Five, Nine, and Ten. Additionally, the court sentenced Drayton to a mandatory consecutive 60-month sentence on Count Seven, *see* 18 U.S.C. § 924(c)(1)(A)(i), and a mandatory consecutive 300-month sentence on Count Eight, *see* 18 U.S.C. § 924(c)(1)(C)(i), for a total sentence of 548 months of imprisonment, or approximately 45 and a half years. His convictions and sentence were upheld on appeal. *United States v. Drayton*, 267 F. App'x 192 (4th Cir. 2008) (unpublished). He later filed a motion under 28 U.S.C.A. § 2255, which was denied. *United States v. Drayton*, No. 1:04CR00009, 2010 WL 4136144 (W.D. Va. Oct. 21, 2010), *appeal dismissed*, 415 F. App'x 490 (4th Cir. 2011) (unpublished). Thereafter, his sentence was

reduced to a total of 511 months on his motion under § 3582(c)(2) based on the lowering of the crack cocaine guidelines.  Order, June 11, 2008, ECF No. 501 (determining that amended Total Offense Level was 30, resulting in an amended guideline range of 151 to 188, and amending sentence to 151 concurrent months on Counts Five, Nine, and Ten, together with mandatory consecutive sentences of 60 months on Count Seven and 300 months of Count Eight).

In 2011 Drayton filed a another § 3582(c)(2) motion based on a further lowering of the crack cocaine guidelines.  The court determined that at Drayton's initial sentencing his Total Offense Level had been incorrectly calculated at level 32, based upon an increase of two levels for possession of a firearm in connection with a drug trafficking offense pursuant to USSG § 2D1.1(b)(1) (2005).  However, because Drayton was also sentenced under 18 U.S.C. § 924(c), in relation to this same possession, the enhancement should not have been applied.  USSG § 2K2.4 cmt. n.4 (2005) ("If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense.") This error in calculation had not been raised at sentencing or on appeal.  If the guidelines had been properly applied, the defendant's Total Offense Level, after his 2008 reduction, would be 28 rather than 30.  The court

thus proposed to reduce Drayton's sentence based on a Total Offense Level of 26, to a total sentence of 470 months. Order, Nov. 22, 2011, ECF No. 571. The court allowed the United States an opportunity to object, which it did not, and as proposed, the court reduced Drayton's total sentence to 470 months. Order, Dec. 28, 2011, ECF No. 575. That is where Drayton's sentence stands as of the present motion.

In its response to the present motion, the United States points out that the court erred in its 2011 decision when it relied upon the miscalculation of the guidelines at Drayton's original sentencing in order to grant him an increased reduction. *See Dillon v. United States,* 560 U.S. 817, 831 (2010) (holding that § 3582(c)(2) does not permit correction of mistakes in original sentence and the court must "'leave all other guideline application decisions unaffected,'" quoting USSG § 1B1.10(b)(1).) However, commendably, the United States concedes that because it forfeited its opportunity to object to the court's 2011 reduction, Drayton is not ineligible for a further reduction in sentence under Amendment 782 and "takes no position, and defers to the judgment of the Court, as to whether, and to what extent, a reduction should be granted." Resp. to Mot. 2, ECF No. 643.

The court's order in 2011 reducing Drayton's sentence found that his amended Offense Level was 26, with a Criminal History Category of V, and an

amended guideline range of 110 to 137 months, plus the mandatory consecutive 360 months, for a total sentence of 470 months (110 plus 360). Drayton seeks the maximum two-level reduction under Amendment 782 to a Total Offense Level 24, for a guideline range of 92 to 115 months. With the consecutive 360 months, Drayton asks for a total sentence reduction from 470 months to 452 months (92 plus 360), or from approximately 39 years in total to approximately 37 and a half years.

The court may reduce the term of imprisonment of a defendant made eligible under USSG § 1B1.10, "after considering the factors set forth in section 3553(a) to the extent they are applicable." 18 U.S.C. § 3582(c)(2). "Whether to reduce a sentence and to what extent is a matter within the district court's discretion." *United States v. Smalls*, 720 F.3d 193, 195 (4th Cir. 2013). In addition to the factors set forth in 18 U.S.C. § 3553(a), the court may consider public safety concerns as well as the defendant's post-sentencing conduct. USSG § 1B1.10 cmt. 1(B) (ii), (iii) (2016).

Drayton's crimes were very serious. He was a major drug dealer in the small city of Galax, Virginia, and ambushed rival drug dealers on a public street and engaged in a reckless gun battle with them, resulting in the death of one of his

rivals.[1] The harm that occurred and the extreme danger to the innocent public by Drayton's conduct are obvious. He had a lengthy criminal history, resulting in a Criminal History Category at sentencing of V. In mitigation, he had an unstable childhood, a prior history of mental issues, and was only 19 years old at the time of the events at issue, which occurred in 1999. He is now 39 and has been in custody on these federal charges since 2004. His present projected release date is July 4, 2037, and even if granted a reduction, he will be in his fifties when released. Moreover, his disciplinary record in prison has been clean since 2007 and he has completed a GED course and a number of other education and life skill classes during the time that he has been incarcerated.

Based upon my consideration of all of these facts, I will grant his motion and reduce his sentence as requested. A separate order will be entered forthwith.

DATED: October 4, 2018

/s/ *James P. Jones*
United States District Judge

---

[1] Drayton's shots did not strike the victim; he was accidently shot by another rival when returning Drayton's fire.