# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:04CR00009-001 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **TRADON MARQUEZ DRAYTON,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Lisa M. Lorish, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The defendant, Tradon Marquez Drayton, by counsel, has filed a Motion for Reduction in Sentence pursuant to § 404 of the First Step Act of 2018 (FSA 2018). The motion has been fully briefed and is ripe for decision.

In 2006 a jury in this court convicted Drayton of conspiring to possess with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count Five); using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Seven); violating § 924(c) while causing the death of a person through the use of a firearm, in violation of 18 U.S.C. § 924(j)(2) (Count Eight); possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count Nine); and firing a weapon into a group of two or

more persons in furtherance of a major drug offense, in violation of 18 U.S.C. § 36(b)(1) (Count Ten). The guideline calculation adopted by the court grouped Counts Five, Nine and Ten, resulting in a Base Offense Level of 30, based upon the attribution to the defendant of 42 grams of cocaine base, for a Total Offense Level of 32, and a guideline range of 188 to 235 months. U.S. Sentencing Commission Guidelines Manual (USSG) § 2D1.1(c)(4) (2005) (drug quantity table for at least 840 grams of but less than 2.8 kilograms of cocaine base).

On June 16, 2006, the court sentenced Drayton to concurrent 188-month sentences on Counts Five, Nine, and Ten. Additionally, the court sentenced Drayton to a statutory mandatory consecutive 60-month sentence on Count Seven, 18 U.S.C. § 924(c)(1)(A)(i) (2006), and a statutory mandatory consecutive 300-month sentence on Count Eight, 18 U.S.C. § 924(c)(1)(C)(i) (2006), for a total sentence of 548 months of imprisonment. J. 3, ECF No. 422. His convictions and sentence were upheld on appeal. *United States v. Drayton*, 267 F. App'x 192 (4th Cir. 2008) (unpublished).

Drayton later filed a motion under 28 U.S.C.A. § 2255, which was denied. *United States v. Drayton*, No. 1:04CR00009, 2010 WL 4136144 (W.D. Va. Oct. 21, 2010), *appeal dismissed*, 415 F. App'x 490 (4th Cir. 2011) (unpublished). Thereafter, his sentence was reduced by this court to a total of 511 months on his motion under 18 U.S.C. § 3582(c)(2), based on the lowering of the crack

cocaine guidelines by USSG Amendment 706. Order, June 11, 2008, ECF No. 501 (determining that amended Total Offense Level was 30, resulting in an amended guideline imprisonment range of 151 to 188 months, and amending sentence to 151 concurrent months on Counts Five, Nine, and Ten, together with mandatory consecutive sentences of 60 months on Count Seven and 300 months on Count Eight).

In 2011 Drayton filed a another § 3582(c)(2) motion based on a further lowering of the crack cocaine guidelines by USSG Amendment 750. The court reduced Drayton's sentence to a total sentence of 470 months. Order, Dec. 28, 2011, ECF No. 575 (finding that amended Total Offense Level was 26, resulting in an amended guideline range of 110 to 137 months and amending sentence to 110 concurrent months on Counts Five, Nine, and Ten, together with the mandatory consecutive sentences).

In 2018, the court again reduced Drayton's sentence under § 3582(c)(2), based upon the two-level retroactive guideline reduction produced by USSG Amendment 782. Order, Oct. 4, 2018, ECF No. 652. This reduction was based on a new guideline range of 92 to 115 months imprisonment for Counts Five, Nine, and Ten, resulting from a new Total Offense Level of 24. After this latest reduction, Drayton's sentence consists of 92 months (the low end of the guideline range) on each of Counts Five, Nine, and Ten, to run concurrently, together with

mandatory consecutive sentences of 60 months on Count Seven and 300 months on Count Eight, for a total of 452 months imprisonment. There is also the original term of supervised release following imprisonment of five years, consisting of five years on each of Counts Five, Seven, Eight, and Ten, and three years on Count Nine, all to run concurrently. J. 4, ECF No. 422.

Drayton's present projected release date is July 23, 2035. The probation office reports that he has served approximately 195 months of his sentence.

I.

As explained by the court of appeals,

> [s]ection 404 of the FSA 2018, Pub. L. No. 115-391, 132 Stat. 5194, provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." § 404(b), 132 Stat. at 5222. Covered offenses are those for which the statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010. § 404(a), 132 Stat. at 5222. Importantly, "[n]othing in [§ 404] shall be construed to require a court to reduce any sentence pursuant to this section." § 404(c), 132 Stat. at 5222.
>
> The FSA 2018 "fits under the narrow exception to finality provided by [18 U.S.C.] § 3582(c)(1)(B) because it expressly permits the court to modify a term of imprisonment." *United States v. Wirsing*, 943 F.3d 175, 184 (4th Cir. 2019) (internal quotation marks and emphasis omitted). Available relief under the Act is limited to a sentence modification rather than a plenary resentencing. *See id.* at 181 n.1.

*United States v. France*, 799 F. App'x 191, 192 (4th Cir. 2020) (unpublished).

The defendant, through his counsel, seeks "the greatest reduction this Court can give under the law." Def.'s Reply 12, ECF No. 675. More specifically, he seeks a reduction to one day for the concurrent terms on Counts Five, Nine, and Ten, Mot. 3, ECF No. 667, and a reduction of Count Eight from 300 months to 60 months, *id.* at 4, for a total reduction to 120 months and one day, less than he has already served.[1]

The government does not contest that Drayton is entitled to be considered for a reduction in sentence under § 404 of the FSA 2018 because he was sentenced under 21 U.S.C. § 841(b)(1)(B) for a cocaine base offense (Count Five) committed prior to the enactment of the Fair Sentencing Act. *See Wirsing*, 943 F.3d at 185. Because Drayton was indicted for a crime involving five grams but not 28 grams or more of cocaine base, his sentence for that crime now falls under 21 U.S.C. § 841(b)(1)(C), which has no mandatory minimum and a maximum of 20 years imprisonment and at least three years of supervised release.

---

[1] Such a reduction would allow Drayton's excess time served to be "banked" against any further sentence imposed for violation of supervised release, which would make adequate supervision difficult if not impossible. *See United States v. Jackson*, 952 F.3d 492, 502 (4th Cir. 2020) (holding that district court may consider the possibility of banked time when considering motion for reduction in sentence under the FSA 2018).

Nevertheless, the government requests the court not to exercise its discretion to reduce Drayton's sentence of imprisonment since his guideline range has not changed and because the nature of his crimes justify his present sentence.

II.

Drayton relies on several arguments in support of his request for reduction. He points out that this court previously noted in determining his latest reduction in sentence under § 3582(c)(2) that Drayton was only 19 years old when he committed the crimes at issue (he is now 40), that he had an unstable childhood and prior history of mental issues, and that he had performed well in prison. *United States v. Drayton*, No. 1:04CR00009-001, 2018 WL 4791056, at *2 (W.D. Va. Oct. 4, 20018). I also pointed out, however, that Drayton's crimes were serious. "He was a major drug dealer in the small city of Galax, Virginia, and ambushed rival drug dealers on a public street and engaged in a reckless gun battle with them, resulting in the death of one his rivals."[2] *Id.* Drayton also had a lengthy criminal history, in

---

[2] In affirming his convictions, the court of appeals more fully described from the trial record Drayton's conduct in this instance as follows:

> Drayton and several associates visited an apartment complex on Poplar Knob Road in Galax, Virginia, because they had earlier heard that Drayton's pet snake had met an untimely demise at the hands of Billy King, the boyfriend of Poplar Knob resident Monica Beamer. At Beamer's apartment, a noisy confrontation between Drayton and King ensued, during which a rival crack cocaine dealer known as "Big D" entered Beamer's apartment brandishing a gun and declaring to all concerned, "Y'all messed up my money." After an associate of Big D's named James Thornton defused the situation, Drayton and his associates drove away from the apartment complex, only to turn

spite of his young age, resulting in a Criminal History Category of V when sentenced.

Drayton also argues that his two § 924(c) sentences (Counts Seven and Eight) are excessive. It is contended that the two counts were "duplicative" and thus two separate sentences should not have been imposed. The same argument was made at Drayton's sentencing in 2006 and rejected. Tr. 34–35, 52–53, ECF No. 444. Count Seven charged the use and possession of a firearm in furtherance of drug tracking crimes described in Counts Five and Six between May of 1999 and July 16, 1999, and Count Eight charged the use of the firearm in relation to a drug trafficking crime on July 16, 1999, involving the death of the rival drug dealer. The government's evidence at trial sufficiently proved that Drayton carried a firearm during his drug dealing prior to the day of the shooting. *Drayton*, 2010 WL 4136144, at *10 (overruling post-verdict motion for judgment of acquittal as to Count Seven and holding that "reasonable jurors could have found that Drayton

---

around on Drayton's command a short distance away. Drayton exited the vehicle and waited by the roadside in order to ambush Big D's car, which appeared several minutes later. After Drayton fired several rounds from the side of the road, Big D emerged from the car, exchanging gunfire with Drayton and inadvertently shooting Thornton, the car's driver, in the back of the head. Drayton and Big D both fled, and when police arrived at the scene, only Thornton's body and the car remained.

*United States v. Drayton*, 267 F. App'x at 194.

engaged in drug transactions at the Galax apartments while carrying and displaying a different firearm before July 16, 1999").

It is also argued that the mandatory consecutive sentence under Count Eight is excessive because as a result of § 403(a) of the FSA 2028, 132 Stat. at 5222, the 25-year mandatory minimum no longer applies to multiple convictions obtained in a single prosecution. The statue now provides, "In the case of a violation of this subsection that occurs after a prior conviction under this subsection has become final, the person shall . . . be sentenced to a term of imprisonment of not less than 25 years." 18 U.S.C. § 924(c)(1)(C).[3] Drayton also contends that the sentence is excessive because if the conviction under Count Eight had been sentenced under § 924(j), which references 18 U.S.C. § 1112(b) (voluntary manslaughter), there would have been only a maximum of 15 years imprisonment, rather than a mandatory 25 years as a successive § 924(c) violation.[4]

Finally, it is contended in Drayton's motion that because the court has the power to "reconfigure" a sentence when one part of the total sentence is vacated, the court should reduce the 300-month sentence to 60 months. Mot. 4, ECF No.

---

[3] This provision is not retroactive. FSA 2018 § 403(b), 132 Stat. at 5222; see *United States v. Jordan*, 952 F.3d 160, 171–72 (4th Cir. 2020).

[4] It was contended by defense counsel at sentencing that Drayton should be sentenced under § 1112(b), but based on the cases cited by the government, the argument was rejected. Tr. 52, ECF No. 444. On appeal, the court of appeals agreed with this court. 267 F. App'x at 196–97.

667. In other words, it is submitted that under the FSA 2018 the court has the power to reduce a mandatory minimum sentence correctly imposed at the time of sentencing and unconnected to the quantity of cocaine base charged. *See United States v. Pitts*, No. 6:94-cr-70068-2, 2020 WL 1676365, at *4 (W.D. Va. Apr. 6, 2020) (Dillon, J.) (rejecting similar argument), *appeal filed* (4th Cir. Apr. 22, 2020).

### III.

In the defendant's reply brief, he spends most of his pages in pointing out to the court the legal precedent and scientific evidence as to the relative culpability of young people, based upon their biological "recklessness, impulsivity and heedless risk taking." Reply 6, ECF No. 675. The court may consider the sentencing factors set forth in 18 U.S.C. § 3553(a), as well as post-sentencing conduct, in determining a reduction under §404(b). *United States v. Chambers*, No. 19-7104, 2020 WL 1949249, at *7 (4th Cir. Apr. 23, 2020). I will reduce Drayton's sentence based upon the factors that I noted in my earlier reductions — his young age at the time of his crimes, his difficult upbringing, his mental problems, and his favorable record to date in prison. Nevertheless, I cannot ignore the nature and circumstances of his criminal conduct, and the resulting need for deterrence and protection of the community. I find proper a reduction of his sentences on each of Counts Five, Nine, and Ten is to 36 months, to run concurrently with each other, leaving the

sentences on Counts Seven and Eight unchanged.[5] Even assuming that I had the authority to reduce the sentence imposed on Count Eight as requested, I would not do so.

IV.

For the foregoing reasons, it is **ORDERED** as follows:

1. The Motion for Reduction in Sentence Pursuant to the First Step Act, ECF No. 667, is GRANTED IN PART AND DENIED IN PART;

2. Defendant's sentences imposed on Counts Five, Nine, and Ten are reduced to 36 months, to run concurrently with each other;

3. Defendant's sentences on Counts Seven (60 months) and Eight (300 months), consecutive to each other and to the terms imposed on Counts Five, Nine, and Ten, are unchanged; and

4. The Clerk shall provide a copy of the Opinion and Order to the Probation Office of this court, and the Probation Office shall in turn provide a copy to the Bureau of Prisons.

ENTER: May 12, 2020

/s/ JAMES P. JONES
United States District Judge

---

[5] I will retain Drayton's current terms of supervised release because I believe that he requires such a period of supervision to help ensure that he does not return to criminal behavior.